

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 9, 1950

Hon. Joe W. Lovelace
County Attorney
Cass County
Linden, Texas

Opinion No. V-1112.

Re: Legality of equaliz-
ing the salaries of
various county offi-
cials by fixing the
salary of each offi-
cial at the average
of their collective
present salaries.

Dear Mr. Lovelace:

You have requested our opinion on the follow-
ing questions:

"First Question. Can the Commission-
ers' Court of Cass County take the sum total
of the salaries paid the four County Commis-
sioners, the County Judge, Tax Assessor-Col-
lector, County Clerk, County Treasurer, County
Attorney, Sheriff, District Clerk and County
Auditor, divide this total by the number of
offices, take this average, and set the sal-
ary of each office affected at this average
amount?

"Second Question. In event the Commis-
sioners' Court of Cass County does not have
the authority to equalize the salaries of the
various county offices of Cass County in the
manner provided in 'Question One', may the
Commissioners' Court reduce the salaries of
some of the county offices, leave others sta-
tus quo and raise others, and if so what are
the maximum and minimums for each office af-
fected?

"Third Question. In event the Commis-
sioners' Court of Cass County has the author-
ity to equalize the salaries of the various
County Offices as requested in 'Question One'
or in 'Question Two', may it take such action
at the next regular term of said court or must
the court wait until the first meeting in the
year 1951?"

The salaries of the County Commissioners are governed by the provisions of Articles 2350 and 3912g, Vernon's Civil Statutes.  The salaries of the County Judge, Tax Assessor-Collector, County Clerk, County Treasurer, County Attorney, Sheriff, and District Clerk are governed by the provisions of Section 13 of Article 3912e and Article 3912g, V.C.S.  The salary of the County Auditor is governed by the provisions of Article 1646, V.C.S., and is fixed by the District Judge.

You are therefore advised that the Commissioners' Court does not have the authority to set the salary of each office in the county at the average amount paid all officers where the amount so fixed would not fall within the prescribed limits, but is only authorized to set the salaries within the limits provided by statute.

Based upon the population of Cass County (20,-000 inhabitants or more) the maximum salary of the County Judge, Tax Assessor-Collector, County Clerk, County Treasurer, County Attorney, Sheriff, and District Clerk is $5,468.75, computed as follows:  Maximum salary allowed in 1935 under Article 3912e, Section 13, of $3,-500.00 plus a 25% increase allowed in 1945 by subdivision "e" of Section 13, Article 3912e, plus 25% increase allowed in 1949 by the provisions of Article 3912g ($3,-500 plus $875 plus $1093.75 equals $5,468.75).  The maximum salary of the County Auditor is $5,468.75.  Art. 1646, V.C.S.

Cass County had an assessed valuation, according to the last (1949) approved tax roll of $10,990,179.-00, and a tax valuation in 1948 (1947 tax roll) of $10,-263,955.00.  Therefore, the maximum salary of a County Commissioner of Cass County is $2750.00 ($2200 plus $550). Arts. 2350 and 3912g, V.C.S.

The minimum salary of those officers governed by the provisions of Section 13 of Article 3912e is "the total sum earned as compensation by him in his official capacity for the fiscal year of 1935."  There is no minimum set for the salaries of County Commissioners.

Since Cass County has a population of 20,000 or more you are advised in answer to your third question that the salaries of the county officers may be raised or lowered at any time so long as the salaries are set within the minimum and maximum provided by law.  Atty. Gen. Op. V-912 (1949).  In connection with the foregoing, we point

out that the provisions of Article 3912g require the Commissioners' Court to raise the salaries of the remaining county officials in like proportion to the raise in salaries of the County Commissioners. In addition it should be noted that Article 1646, V.C.S., provides that no change in the salary of the County Auditor shall become effective until the beginning of the ensuing fiscal year.

## SUMMARY

The Commissioners' Court is without authority to set the salary of each county officer at the average amount paid all county officers where the amount so fixed would not fall within the prescribed statutory limits of compensation for the particular office. Salaries of county officers in counties having a population of 20,000 inhabitants or more may be changed at any time so long as the salaries remain within the limits provided by law. Atty. Gen. Op. V-912 (1949).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

By *John Reeves*
John Reeves
Assistant

Charles D. Mathews
First Assistant

JR:mw